T.C. Summary Opinion 2003-39

UNITED STATES TAX COURT

HAROLD LEE AND MELISSA DIANE THOMAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7007-02S.              Filed April 21, 2003.

Harold Lee Thomas, pro se.

<u>James A. Kutten</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $939 for the taxable year 1998.

The issue for decision is whether petitioners are entitled to a dependency exemption deduction and a child tax credit for a son of petitioner husband (petitioner), Jonathan Lee Thomas (Jonathan).[1]

Petitioners resided in Illinois on the date the petition was filed in this case.

Petitioner and his former wife, Jonnie Linda Thomas (Ms. Thomas), were divorced pursuant to a Judgment of Dissolution of Marriage of the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois, dated October 3, 1988. This judgment provided in relevant part:

> That the husband shall have the income tax deduction or exemption for the minor child, Jonathon [sic] Thomas, and the wife shall not claim said child on her tax returns so long as the husband pays child support and is current thereon.

During the entire year in issue, Jonathan resided with Ms. Thomas in Rome, New York, and did not reside with petitioners.

---

[1]Petitioners argue in the petition that the "IRS has exceeded its 3-year statutory period to process any claims." Petitioners did not address this issue at trial, and we therefore consider it to have been abandoned. However, we note that petitioners' return for taxable year 1998 was filed on or about April 8, 1999, the statutory notice of deficiency with respect thereto was timely issued on February 1, 2002, and the petition in this case was timely filed. Thus, the 3-year period of limitations on assessment and collection has not expired. Secs. 6213(a), 6501(a) and (b)(1), 6503(a)(1).

Petitioners filed a joint Federal income tax return for taxable year 1998. On this return, they claimed a dependency exemption deduction and child tax credit for Jonathan. Petitioners did not attach to the return a written declaration entitling them to the dependency exemption deduction. In the statutory notice of deficiency, respondent disallowed the deduction and credit claimed for Jonathan.

A deduction generally is allowed for each dependent of a taxpayer under section 151. Sec. 151(a), (c)(1). As a general rule, a child of a taxpayer is a dependent of the taxpayer only if the taxpayer provides over half of the child's support for the taxable year. Sec. 152(a). A special rule applies to taxpayer-parents who are divorced, who are separated, or who live separately for at least the last 6 months of the calendar year, but who have custody of the child for more than half of the year and who together provide over half of the child's support. Sec. 152(e)(1). Under this rule, the parent with custody of the child for the greater portion of the year (the "custodial parent") generally is treated as having provided over half of the child's support, regardless of which parent actually provided the support. Id.; sec. 1.152-4(b), Income Tax Regs. An exception to this special rule exists which entitles the noncustodial parent to the dependency exemption deduction. Sec. 152(e)(2). For the exception to apply, the custodial parent must sign a written declaration releasing his or her claim to the deduction, and the

noncustodial parent must attach the declaration to his or her tax return.  Id.  Language in a divorce decree purportedly giving a taxpayer the right to an exemption deduction does not entitle the taxpayer to the deduction in the absence of the signed, written declaration required by the statute.  Miller v. Commissioner, 114 T.C. 184 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F. 3d 1208 (10th Cir. 2002).

A credit generally is allowed to a taxpayer for each qualifying child of the taxpayer.  Sec. 24(a).  Among other requirements, a qualifying child is one for whom the taxpayer is entitled to a dependency exemption deduction under section 151.  Sec. 24(c)(1)(A).

Petitioner admits that he is the noncustodial parent in this case.  Because petitioners did not attach to their return a written declaration signed by Ms. Thomas, they are not entitled to the dependency exemption deduction.  Secs. 151 and 152.  Because they are not entitled to the deduction, they also are not entitled to the child tax credit.  Sec. 24(c)(1)(A).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.